```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Darryl Blankenship,

    Plaintiff,

  v.                              Case No. 2:10-cv-917

                                  JUDGE EDMUND A. SARGUS, JR.
Reginald A Wilkinson,       Magistrate Judge Kemp
et al.,

    Defendants.

## ORDER

    This case is a spinoff from a prior class action involving the exercise of the Asatru religion in the Ohio prison system. See Miller v. Wilkinson, Case No. 98-cv-275.  The Stipulation for Injunctive Relief entered in that case on April 19, 2010, resolved all but two of the class claims for injunctive relief (those were subsequently resolved in an Opinion and Order filed on September 30, 2010) but did not address any claim for damages which were being pursued by the named plaintiffs or intervenors.  In the September 30, 2010 Opinion and Order, the Court severed the damages claims, directed the Clerk to open a new civil action, and gave each potential plaintiff twenty-one days within which to file an amended complaint asserting his damage claims by "identifying those claims and the defendants against whom they are asserted."  Miller v. Wilkinson, 2010 WL 3909119, *13 (S.D. Ohio September 30, 2010).

    Plaintiff Darryl Blankenship was the only named plaintiff to file an amended complaint.  In his complaint, he seeks compensatory damages for some $316.00 he spent litigating the prior case, and for the twelve years during which he claims to have been denied the right to practice his religion.  He also requests punitive and nominal damages, if appropriate.

In response to the amended complaint, defendants filed a motion to strike, arguing that the amended complaint was not in the format required by the September 30, 2010 Opinion and Order because it did not identify specifically the defendants against whom it was asserted. Defendants also moved to dismiss the complaint on grounds that it had not been served on their counsel, and because it did not state a claim upon which relief can be granted. Finally, they moved to stay consideration of the complaint pending the Supreme Court's resolution of the question of whether damages against individual defendants (or the States) are available under the Religious Land Use and Institutionalized Persons Act of 2000, RLUIPA, 42 U.S.C. §§2000cc *et seq*.

Mr. Blankenship filed a response to defendants' motion stating that he clearly articulated his damage claims and that he did mail a copy of the pleading to defense counsel. In light of this latter statement, and the fact that counsel now has a copy of the complaint, this issue will not be addressed further. Mr. Blankenship also notes that he has sought damages alternatively under RLUIPA or 42 U.S.C. §1983 and that no stay is necessary. After filing this response, Mr. Blankenship moved to amend his complaint to state a claim for violation of the stipulation for injunctive relief, asserting that he was denied a work proscription for holy days on grounds that he is not an adherent of Asatru. Defendants, in their response, assert that these new claims would be futile for various reasons. Mr. Blankenship has also filed three motions for the appointment of counsel, noting in the latter two that he is confined to a residential treatment unit for seriously mentally ill inmates and that it is difficult or impossible for him to litigate this matter on his own.

One of the issues raised by defendants has now been resolved. In <u>Sossamon v. Texas</u>, 131 S.Ct. 1651, 1655 (2011), the Supreme Court held that the States did not, "by accepting federal

funds, consent to waive their sovereign immunity to suits for money damages under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 114 Stat. 803, 42 U.S.C. § 2000cc *et seq*." That holding applies, however, only to claims against the State or state officials sued in their official capacities. See, e.g. Williams v. Book, 2011 WL 2173743 (E.D. Cal. June 2, 2011). Whether claims for damages under RLUIPA may be asserted against state officials sued in their individual capacities is an open question in this Circuit. See Heard v. Caruso, 351 Fed. Appx. 1, *13 n.5 (6th Cir. August 27, 2009); Courtney v. Burnett, 2010 WL 549220 (W.D. Mich. February 10, 2010). Thus, if Mr. Blankenship were asserting a claim under RLUIPA against any of the defendants in their official capacities, that claim would be subject to dismissal. However, given the relatively sparse nature of his complaint, it is unclear whether it contains any such claims. It is also, frankly, unclear from Mr. Blankenship's more recent filings whether the only claim he is advancing is his request for reimbursement for out-of-pocket expenses incurred in litigating Miller v. Wilkinson - which, if made in the context of his claim to have substantially prevailed in that case, may relate exclusively to the grant of injunctive relief and may be barred by the stipulation, which recites that it represents a complete agreement concerning the claims for injunctive relief, which would ordinarily also include costs of litigation - or whether he also intends to pursue other claims.

     Especially in light of the recent Supreme Court decisions in Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), which require some level of fact pleading even from *pro se* plaintiffs, Mr. Blankenship's amended complaint is inadequate. He has not, in that document, pleaded any specific times when he was denied his right to practice his religion by any specific defendant. Twelve years is

-3-

a concededly long time for these events to have occurred over, but given the Court's past experience with Mr. Blankenship, who has been a capable *pro se* litigator, he should be able to prepare and file a complaint alleging the dates when he was allegedly denied the right to practice his religion, the defendants who denied him that right, and the specific practice he was denied.

    The complicating factor here appears to be Mr. Blankenship's current mental state, and the fact that he may either not have access to the materials he needs to prepare such a document, or the ability to do so. Appointing counsel might help to alleviate that concern but, on the other hand, given that the Court never made any merits rulings in the prior case, including ruling on issues of qualified immunity, which will come into play in any damages action, it cannot be said - especially in light of the brief complaint now on file - that Mr. Blankenship is likely to succeed on the merits of his claims, a factor which usually militates against the appointment of counsel. See <u>Mars v. Hanberry</u>, 752 F.2d 254 (6th Cir. 1985). Further, it is unclear how able Mr. Blankenship is currently to assist an attorney with this task.

    Under these circumstances, the Court makes the following order. Defendants' motion to strike or dismiss (#9) is granted in part and denied in part. The amended complaint will not be stricken, but Mr. Blankenship will be required to file a second amended complaint which, if he seeks recovery for past alleged denials of his right to practice his religion, must set forth details about when those denials occurred, which religious practices he was not permitted to engage in, and which defendants are allegedly responsible. His motion for leave to amend (#11) is granted, and he may include claims about alleged violations of the stipulation for injunctive relief, although he should explain in his complaint how he attempted to obtain relief under the

-4-

terms of the stipulation.  His three motions for the appointment of counsel (#s5, 13, and 14) are all denied without prejudice. Given Mr. Blankenship's current status, he will be granted ninety days within which to file his amended complaint.  If he is unable to do so, but believes that additional time - or a stay of the case until his mental condition improves - would assist him in presenting his claims, he may move for such relief.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge