IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darryl Blankenship,

    Plaintiff,

v.

Reginald A Wilkinson,
et al.,

    Defendants.

Case No. 2:10-cv-917

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## ORDER

This prisoner civil rights case is before the Court by way of defendant's motion to dismiss (Doc. 16) and plaintiff's motions to reconsider an order of the Magistrate Judge (Doc. 19) and for the appointment of counsel (Doc. 23). For the following reasons, the motion to dismiss will be granted, and the latter two motions will be denied.

The Magistrate Judge's order of June 20, 2011 (Doc. 18), a part of which is the subject of plaintiff's objection, explains this case as follows:

> This case is a spinoff from a prior class action involving the exercise of the Asatru religion in the Ohio prison system. *See Miller v. Wilkinson*, Case No. 98-cv-275. The Stipulation for Injunctive Relief entered in that case on April 19, 2010, resolved all but two of the class claims for injunctive relief (those were subsequently resolved in an Opinion and Order filed on September 30, 2010) but did not address any claim for damages which were being pursued by the named plaintiffs or intervenors.
>
> In the September 30, 2010 Opinion and Order, the Court severed the damages claims, directed the Clerk to open a new civil action, and gave each potential plaintiff twenty-one days within which to file an amended complaint asserting his damage claims by "identifying those claims and the defendants against whom they are asserted." *Miller v. Wilkinson*, 2010 WL 3909119, *13 (S.D. Ohio September 30, 2010).

   Plaintiff Darryl Blankenship was the only named plaintiff to file an amended complaint. In his complaint, he seeks compensatory damages for some $316.00 he spent litigating the prior case, and for the twelve years during which he claims to have been denied the right to practice his religion. He also requests punitive and nominal damages, if appropriate.

The crux of the defendants' motion to dismiss is that in *Sossamon v. Texas*, 131 S.Ct. 1651, 1660 (2011) the Supreme Court held that the waiver of the States' sovereign immunity effected by Congress' adoption of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc *et seq.*, "does not include suits for damages against a State."

Under that holding, plaintiff would not be able to maintain a damage action under RLUIPA. In his response, plaintiff concedes as much, but asserts that he is seeking damages under 42 U.S.C. §1983 and the First and Fourteenth Amendments. To the extent that defendants have moved only to dismiss any damage claims asserted under RLUIPA, that motion has merit, and the Court will grant it.

The order of June 20, 2011, also granted plaintiff ninety days within which to file an amended complaint and denied his motion for the appointment of counsel. Plaintiff has not filed an amended complaint, and he has both objected to the denial of his earlier motion for appointment of counsel and filed a subsequent, virtually identical motion. The filing of the subsequent motion for appointment of counsel gives the Court a renewed opportunity to visit the issue *de novo*, and moots any objection to the prior order denying appointment of counsel. Thus, the Court will deny the motion to reconsider the Magistrate Judge's order on this point, but will independently determine if counsel should be appointed.

Plaintiff's third motion for appointment of counsel - which was filed prior to his most recent institutional transfer - gives the following reasons why the Court should appoint an

attorney to represent him:

- He has very limited law library access

- He will have difficulty explaining the similarities or differences in the damage claims asserted in this and in two related case, *Eberle* and *Ratcliff*

- He is housed in a mental health unit

- He is heavily medicated

- His medications make it difficult for him to see, to write, or to concentrate.

There is no doubt that these factors can be taken into account in determining whether to appoint counsel to a *pro se* litigant proceeding *in forma pauperis*. *See, e.g., May v. Jones*, 2009 WL 159222, *1 (M.D. Pa. January 22, 2009)(inmate's mental health is a factor in determining whether to appoint counsel). However, these factors are secondary to the Court's determination of whether the case involves a potentially meritorious claim. *See, e.g., Carmona v United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)("Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"); *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)(appointment of counsel not appropriate where the plaintiff's chance of success is "extremely slim").

Given that plaintiff's damage claims, which are the only ones remaining in the case, must be evaluated not under RLUIPA, but under the First and Fourteenth Amendments, which provide the substantive standard for his §1983 claim, it is difficult to say at this stage of the case that

plaintiff has more than a slim chance of succeeding on the merits. A constitutional claim for violation of the First Amendment right to the free exercise of religion in the prison context is harder to make out than a statutory claim under RLUIPA. *See, e.g., Farrow v. Stanley*, 2005 WL 2671541, *9 (D.N.H. Oct. 20, 2005) ("The Free Exercise Clause's substantial burden requirement is more difficult to satisfy than its counterpart under RLUIPA in part because, unlike RLUIPA, the Free Exercise Clause requires that defendants' conduct must substantially burden one or more of the plaintiff's central religious beliefs or practices"); *Levie v. Ward*, 2007 WL 2840388, *22 (W.D. Okla. Sept. 27, 2007)("RLUIPA imposes a higher burden on prison officials than that required by the First Amendment ..."). The Court simply cannot determine, on the basis of either the record of this case or the proceedings conducted in the prior class action, that plaintiff stands a good chance of proving a First Amendment violation from defendants' restriction of certain practices of the Asatru religion. Thus, despite the difficulties plaintiff is laboring under (which may or may not still exist at his current institution), the Court does not believe that appointing counsel at this stage of the case is advisable.

As noted, plaintiff - perhaps because he was waiting for a ruling on his motion for counsel - has never filed the amended complaint he was given permission to file. He has had a substantial amount of time to do so. The Court will grant him an additional 45 days to submit his amended complaint. If he does not, the case will proceed on the basis of his original complaint.

For all these reasons, defendants' motion to dismiss (Doc. 16) is **GRANTED**. All damage claims under RLUIPA are **DISMISSED**. Plaintiff's motions for reconsideration (Doc. 19) and for the appointment of counsel (Doc. 23) are **DENIED**. Plaintiff shall file an amended complaint within 45 days of the date of this order.

IT IS SO ORDERED.

__2-9-2012__
DATE

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE